UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.

HANNAH C. DUGAN,                                       Case No. 25-CR-00089

    *Defendant.*

## DEFENDANT'S MOTION TO DISMISS

    Hon. Hannah C. Dugan moves for an order dismissing the indictment. This is no ordinary criminal case, and Dugan is no ordinary criminal defendant.

    Dugan is a Milwaukee County Circuit Court judge. She was arrested and indicted for actions allegedly taken in and in the immediate vicinity of her courtroom, involving a person appearing before her as a party. The government's prosecution of Judge Dugan is virtually unprecedented and entirely unconstitutional—it violates the Tenth Amendment and fundamental principles of federalism and comity reflected in that amendment and in the very structure of the United States Constitution.

    The problems with this prosecution are legion, but most immediately, the government cannot prosecute Judge Dugan because she is entitled to judicial immunity for her official acts. Immunity is not a defense to the prosecution to be determined later by a jury or court; it is an absolute bar to the prosecution at the outset. *See Trump v. United States*, 603 U.S. 593, 630 (2024).

Judge Dugan reserves her right to seek other relief, including by other motions before and at trial. But the immunity and federalism issues must be resolved swiftly because the government has no basis in law to prosecute her. The prosecution against her is barred. The Court should dismiss the indictment. Rule 12(b), FED. R. CRIM. P., allows the Court to grant the relief Judge Dugan seeks.

In support of this motion, Judge Dugan shows:

1. The indictment charges Judge Dugan with concealing a person from arrest and obstruction for actions she took in and near her courtroom. The alleged conduct ranges from directing people's movement in and around the courtroom to advising a party that he could appear remotely for his next hearing. ECF 6 at 1–2.

2. The complaint alleges a more cohesive story. In pertinent part, it alleges the following. On Good Friday, April 18, 2025, Judge Dugan was presiding over her misdemeanor docket in the Milwaukee County Courthouse. ECF 1, ¶15. Among the many defendants with hearings that day was Eduardo Flores-Ruiz. *Id.*, ¶22. Federal agents arrived at the Milwaukee County Courthouse to execute an administrative arrest warrant for Flores-Ruiz. *Id.*, ¶8. A deputy in Judge Dugan's courtroom claimed that Judge Dugan directed Flores-Ruiz to leave her courtroom through a jury door. *Id.*, ¶29. Flores-Ruiz emerged from a doorway into the same public hallway a few feet from Judge Dugan's courtroom doors. *Id.*, ¶33. Federal law enforcement saw him, followed him to the elevator, continued to follow Flores-Ruiz out of the courthouse, and then arrested him after a foot chase. *Id.*, ¶¶33–34.

3. Even if (contrary to what the trial evidence would show) Judge Dugan took the actions the complaint alleges, these plainly were judicial acts for which she has absolute immunity from criminal prosecution. Judges are empowered to maintain control over their courtrooms specifically and the courthouse generally. *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017). "[T]he issuance of an order removing persons from the courthouse in the interest of maintaining such control is an ordinary function performed by judges[.]" *Id.*

4. Judge Dugan's subjective motivations are irrelevant to immunity. "Judges are entitled to absolute immunity for their judicial acts, without regard to the motive with which those acts are allegedly performed." *Id.*; *accord Trump v. United States*, 603 U.S. at 618 ("In dividing official from unofficial conduct, courts may not inquire into the President's motives").

5. Since at least the early 17th century in England, and carried on through common law in the United States, judges of record have been entitled to absolute immunity for official acts with a few exceptions not applicable here. *Floyd & Barker*, 12 Co. Rep. 23, 25, 77 Eng. Rep. 1305, 1307 (Star Chamber 1607); *see Bradley v. Fisher*, 80 U.S. 335, 347–48 (1871), citing *Floyd*, 12 Co. Rep. at 25; *see Pierson v. Ray*, 386 U.S. 547, 553–54 (1967), citing *Bradley*, 80 U.S. at 349–50.

6. Judge Dugan therefore has both immunity from conviction and immunity from prosecution. "The essence of immunity 'is its possessor's entitlement not to have to answer for [her] conduct' in court." *Trump*, 603 U.S. at 630, quoting *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *Mitchell*, 472 U.S. at 526 ("The entitlement is an *immunity from*

*suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis in original).

7. Congress did not abrogate this common law immunity in 18 U.S.C. §§ 1071 and 1505 as it did in 18 U.S.C. § 242. *Compare Pierson*, 386 U.S. at 554 (42 U.S.C. § 1983 did not abrogate civil judicial immunity) *to Imbler v. Pachtman*, 424 U.S. 409, 429 (1976) (18 U.S.C. § 242 allows the criminal prosecution of judges for civil rights violations). Congress enacted 18 U.S.C § 242 under Section 5 of the Fourteenth Amendment with an express focus on the unconstitutional behavior of state actors, including judges. But 18 U.S.C. §§ 1071 and 1505 are generic criminal statutes enacted pursuant to Congress' Article I powers and reflecting no congressional intent to abrogate a bedrock immunity available to state judicial officials.

8. It is doubtful that Congress' Article I powers would extend to criminalizing the actions of state court judges in their courtrooms. Criminalizing the official acts of a state court judge controlling her courtroom would implicate all the concerns that motivated the Tenth Amendment. And nothing in this indictment alleges any violation of a person's constitutional rights in ways that implicate the unique concerns of the Reconstruction Amendments. But the Court need not decide whether Congress *could have* abrogated judicial immunity in 18 U.S.C. §§ 1071 and 1505 because Congress did not do so. Neither should be construed to criminalize an official act of a state court judge, and the indictment does not allege that they do.

9. The problems with this indictment run deeper. Immunities aside, the indictment runs afoul of the Tenth Amendment and constitutional principles of federalism. Federal

power is limited to specific, enumerated areas in the Constitution. All other powers "are reserved to the States, respectively, or to the people." U.S. CONST. AMEND. X. That includes the general police power: the states retain it; the federal government does not have it. Unsurprisingly, then, the American judicial system empirically is almost entirely the realm of the states. Federal civil jurisdiction is limited. U.S. CONST. ART. III. Federal criminal jurisdiction is limited. *See e.g.*, *United States v. Lopez*, 514 U.S. 549, 561, 561 n.3 (1995). That's why over 99.4% of criminal cases filed in this country are in state courts.[*]

10. The government's prosecution here reaches directly into a state courthouse, disrupting active proceedings, and interferes with the official duties of an elected judge. "A State defines itself as a sovereign through 'the structure of its government, and the character of those who exercise government authority.'" *McDonnell v. United States*, 579 U.S. 550, 576 (2016), quoting *Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991). Judge Dugan was elected by the people of Milwaukee County to adjudicate their disputes and administer the laws of Wisconsin. WIS. CONST. ART. VII, §§ 2, 7. The federal government violated Wisconsin's sovereignty on April 18 when it disrupted Judge Dugan's courtroom, and it is violating Wisconsin's sovereignty now with this prosecution. The Court should end the violation of Wisconsin's sovereignty and dismiss the indictment.

11. As a practical matter, counsel for Judge Dugan stand ready to file briefs and to participate in an evidentiary hearing if either or both will aid the Court, but they stand on the observation that any further proceedings in this case, other than immediate dismissal, are barred by official acts immunity and judicial immunity. Regardless, in the

---

[*] Statistics available at:
https://www.courtstatistics.org/court-statistics/state-versus-federal-caseloads

event this prosecution moves forward, Judge Dugan reserves her right to supplement this motion with briefing and other filings submitted within 20 days of arraignment, as provided in Criminal Local Rule 12(b)(1).

Dated at Madison, Wisconsin May 14, 2025.

Respectfully submitted,

HON. HANNAH C. DUGAN, *Defendant*

  */s/ R. Rick Resch*
John H. Bradley
Wisconsin Bar No. 1053124
Dean A. Strang
Wisconsin Bar No. 1009868
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724

STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Dean@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

  */s/ Steven M. Biskupic*
Steven M. Biskupic
Wisconsin Bar No. 1018217

STEVEN BISKUPIC LAW OFFICE, LLC
P.O. Box 456
Thiensville, Wisconsin 53092
bisklaw@outlook.com

*/s/ Jason D. Luczak*
Jason D. Luczak
Wisconsin Bar No. 1070883
Nicole M. Masnica
Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440