UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

        Defendant.

---

**RESPONSE TO MOTION FOR LEAVE TO FILE AMICUS BRIEF**

---

The defendant in this case has moved to dismiss the indictment, citing (1) "judicial immunity"; and (2) "the Tenth Amendment and the Constitution's vertical separation of powers." (Dkt. 15.) On May 30, 2025, a group of former federal and state judges filed a motion for leave to file an amicus brief in support of the defendant's motion. (Dkt. 22.) For the reasons set forth below, the Court should decline to allow an amicus filing.

    **I.**    **Because there is neither a legal basis nor a need for additional briefing, the Court should deny the motion for leave to file an amicus brief.**

Whether to allow an amicus brief is left to the discretion of the Court. *Clay v. Scibana*, 2004 WL 2110745, at *1 (W.D. Wis. Sept. 20, 2004) (citing *Clark v. Sandusky*, 205 F.2d 915 (7th Cir. 1953)). Unlike at the appellate stage, there are no

set rules governing amicus filings in the district court. However, caselaw establishes that "amicus curiae briefs that duplicate arguments made in the litigants' briefs are not allowed." *See id.* (citing *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)).

An amicus brief is generally permitted only when: (1) a party is not competently represented; (2) the amicus has an interest in similar litigation that could be impacted by the present case; or (3) the amicus has "unique information or a perspective that can help the court beyond the help that the lawyers for the parties can provide." *Id.*

None of the grounds applies here. First, the defendant is represented by a full roster of capable lawyers. No fewer than seven experienced lawyers from three different firms signed the supplemental memorandum in support of the defendant's motion to dismiss.

Second, the proposed amicus group does not claim to have an interest in similar litigation which could be impacted by the Court's ruling here.

Third, although the proposed amicus group claims to have a "unique perspective" and to possess "specific information that can assist the court," they don't develop what that is – other than to stress that the group's 138 members are all former judges. There is no explanation as to how or why their former roles – ranging from Article III judges to bankruptcy judges to state court family law

2

judges – bring a unique perspective or enable them to provide "specific information" that would help the Court decide the two *legal* issues raised by the defendant's motion.

In the context of this case, their perspective cannot be considered unique. After all, the defendant herself is a judge. As such, there is no basis to conclude that a "judicial perspective" will be unrepresented in the absence of an amicus filing. Moreover, the issues being litigated are straightforward legal questions to which the assigned magistrate judge and district court judge bring over 42 years of combined judicial experience.

Nor does the content of the proposed amicus filing suggest a unique perspective. The proposed arguments largely overlap with the defendant's own brief. Rather than bringing a unique perspective, the proposed amicus group simply appears to have strong opinions about the decision to present this case to a grand jury. *See* Dkt. 22 ("Proposed *Amici* come together now in this extraordinary time in history to file a 'friend of the court' brief to publicly renounce the federal government's prosecution…"). A desire by 138 former judges to "renounce" the prosecution of another judge does not meet the standard for allowing an amicus filing. *See Johnson v. U.S. Office of Pers. Mgmt.*, 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014) (explaining that "[a]n amicus brief—no matter how popular it may be—is not a "vote" and noting that the persuasive force of such a

3

brief is entirely unrelated to the number of amici, their official positions, or the influence they may wield.").

For the above reasons, there is no legal or practical basis for allowing the proposed amicus brief in this case.[1] As such, the Court should exercise its discretion and decline to allow amicus participation.

## II. If the Court allows the amicus filing, the Court should direct the United States to file its substantive response within ten days.

Although there is no basis for allowing the amicus filing, the matter is left to the sound discretion of the Court. In the event the Court permits the filing, the United States simply requests that the Court allow the government to respond within ten days.

Respectfully submitted June 9, 2025.

/s/ Richard G. Frohling
Acting United States Attorney
State Bar No.: 1021952
Email: richard.frohling@usdoj.gov

/s/ Keith Alexander
Criminal Division Chief
State Bar No.: 1053000
Email: keith.alexander@usdoj.gov

---

[1] The Seventh Circuit has expressed concern that amicus filings can effectively nullify the page limitations imposed on parties. *See Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir.2003); *see also Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir.2003) (Posner, J., in chambers). Given that the defendant's own brief already has exceeded the 30-page limitation set by the Court, allowing an amicus filing with additional voluminous briefing on the same legal issues would be inappropriate. *See id.*

4

/s/ Kelly B. Watzka
Deputy Criminal Division Chief
State Bar No.: 1023186
Email: kelly.watzka@usdoj.gov

/s/ Timothy W. Funnell
Green Bay Branch Chief
State Bar No.: 1022716
Email: tim.funnell@usdoj.gov

/s/ Jonathan H. Koenig
Appellate Co-Chief
State Bar No.: 1045517
Email: jonathan.h.koenig@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney
517 East Wisconsin Avenue, Rm. 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738