| | |
|---|---|
| United States of America,<br><br>    v.<br><br>Hannah C. Dugan<br><br>    Defendant. | Case No. 2:25-cr-00089-LA-NJ |

**REPLY BRIEF OF FORMER STATE AND FEDERAL JUDGES
IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

Abbe David Lowell
Brenna Frey
David A. Kolansky*
Isabella M. Oishi
*Counsel for Amici*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., 2nd Fl.
Washington, DC 20005
Tel: (202) 964-6110
Alowellpublicoutreach@lowellandassociates.com
BFrey@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

Jeffrey A. Mandell [Bar No. 1100406]
TR Edwards [Bar No. 1119447]
*Counsel for Amici*
LAW FORWARD, INC.
222 W. Washington Ave.
Suite 680
Madison, WI 53703
Tel: (608) 285-2485
jmandell@lawforward.org
tedwards@lawforward.org

Norman L. Eisen*
*Counsel for Amici*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E.
Suite 15180
Washington, D.C. 20003
Tel: (202) 594-9958
norman@statedemocracydefenders.org

**Application for admission forthcoming*

The government's opinion (ECF 29) to *Amici Curiae*'s motion for leave to file an *Amicus* brief is only wishful thinking, with neither factual nor legal support. What should be readily apparent is that the critical voice and perspective of 138 former federal and state court judges, who once sat on the bench and understand first-hand the importance of judicial independence and what happens when that independence is compromised, would indeed offer a "unique perspective" and possess "specific information that can assist the court." *See* Mot. for Leave to File Amicus Br., ECF 25 at 1–2 (citing *Johnson v. U.S. Off. of Pers. Mgmt.*, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014)).

The Court should accept proposed *Amici*'s brief in this case because it provides the Court information and additional insight not found in the parties' briefing. *See Johnson* at *1 (recognizing that leave to file amicus brief should be granted for proposed briefs that "are not duplications of the briefs submitted by the parties" but instead "provide arguments, theories, and citation to legal precedent that will be useful to the Court"). Despite the government's claim that rather than offering a unique perspective "[t]he proposed arguments largely overlap with the defendant's own brief" (Gov't Op. at 3), proposed *Amici*'s brief offers the Court "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (Posner, J., in chambers).

By no means do the two briefs largely overlap. For instance, proposed *Amici*'s brief raises a critical argument about how this prosecution threatens to undermine public trust in the judicial system and the ability for the public to avail themselves of courthouses without fear of consequence, *see* Proposed Amicus Curiae Br. at Part III—an argument that is *not* addressed in Judge Dugan's motion to dismiss. Second, proposed *Amici* raise an important consideration that when judges err in their official capacity, the proper recourse is the appellate process or referrals

1

to the state's Judicial Conduct Commission—*not federal prosecution*. *See id.* at Part II.C. Third, and perhaps most critically, proposed *Amici* offer the Court extensive insight and perspective about the need, in our judicial system, for judges to maintain control over their courtrooms, and why that is necessary for the system to function properly. *See id.* at Part II.B. The brief even cites *every* state's code of judicial conduct or similar canon, each of which mirrors Wisconsin's provision by emphasizing the foundational principle that a judge shall require order and decorum in proceedings before the court. *See id.* at 12 n.5. For the government to claim now that "the content of the proposed amicus filing" lacks a unique perspective or that its arguments "largely overlap with the defendant's" motion (Gov't Op. at 3) is a transparent attempt to exclude important information from this Court's consideration.

Moreover, the government's suggestion that *Amici*'s Proposed Brief is not necessary to aid the Court in evaluating only "two *legal* issues raised by the defendant's motion" is unavailing. *Id.* The number of legal issues a defendant or their counsel choose to raise in motions practice, or the number of legal issues before a court, is *not* the standard by which courts determine whether to accept *amicus* briefings and is of no moment here. In fact, it is just the opposite: in a case that carries extraordinary jurisprudential and precedential value—not to mention the enormous publicity attracted by Judge Dugan's arrest and prosecution—the outside perspective, especially from former judges across the country who have been similarly situated in state and federal courtrooms across several decades, is even more valuable to assist the Court in assessing the issues before it.[1]

---

[1] On the same day that the government submitted its opposition to the *Amicus Curiae* brief on behalf of 138 former federal and state judges, a separate *Amicus* on behalf of The Center for American Rights sought leave to file in support of the government's position in this case and against that of former federal and state judges. *See* Motion for Leave to File Amicus Brief by

In fact, in a similar case involving a Massachusetts state judge, who was accused of plotting to let a man wanted by immigration agents escape out of a back door of a courthouse in 2018, the District of Massachusetts permitted the submission of similar and helpful *Amici Curiae* briefs, including one from Legal Scholars in support of Defendants' motion to dismiss the indictment. *See United States v. Joseph*, No. 1:19-cr-10141, ECF 72 (Mot.), 81 (Amicus Br.) (D. Mass 2019). The court there granted *Amici* leave to file, for reasons that apply here as well.

Finally, the government claims, albeit incorrectly, that proposed *Amici*'s brief is an attempt to nullify or end-run the page limitations of Defendant's motion to dismiss. Gov't Op. at 4, n.1 (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2003)). Nothing could be further from the truth, and as stated in the Motion for Leave to File and the Brief itself, no counsel for any party authored the brief in whole or in part, and defense counsel had no role in crafting the viewpoints or positions expressed in proposed *Amici*'s brief. Any argument to the contrary is false and unsupported by evidence. *See* Proposed Amicus Br. at 1 n.1.

This prosecution directly threatens the ability of all judges, federal and state alike, to do their jobs without fear of retaliatory prosecution or reprisal. As experienced judges who have long discharged, and still carry, obligations to preserve the integrity of the judiciary, these retired judges have a valuable and illuminating perspective on the historical and legal underpinnings of judicial immunity, public trust in the judicial system, Tenth Amendment considerations, and broader commandeering concerns. *Amici*'s brief will materially assist the Court in navigating the significant constitutional questions presented by the charges in this case.

---

Center for American Rights, ECF 32 (June 9, 2025). Clearly, the perspectives submitted to the Court are meaningful enough to warrant a countervailing brief on similar issues, if nothing else.

Accordingly, proposed *Amici* respectfully request that this Court grant their Motion for Leave to File an *Amicus* Brief. ECF 25.

Dated: June 12, 2025

Respectfully Submitted,

s/ *Abbe David Lowell*
Abbe David Lowell
Brenna Frey
David A. Kolansky*
Isabella M. Oishi
*Counsel for Amici*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., 2nd Fl.
Washington, DC 20005
Tel: (202) 964-6110
Alowellpublicoutreach@lowellandassociates.com
BFrey@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

**Application for admission forthcoming*

s/ *Norman L. Eisen*
Norman L. Eisen*
*Counsel for Amici*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave, S.E., Suite 15180
Washington, D.C. 20003
Tel: (202) 594-9958
norman@statedemocracydefenders.org

s/ *Jeffrey A. Mandell*
Jeffrey A. Mandell [Bar No. 1100406]
TR Edwards [Bar No. 1119447]
*Counsel for Amici*
LAW FORWARD, INC.
222 W. Washington Ave. Suite 680
Madison, WI 53703
Tel: (608) 285-2485
jmandell@lawforward.org
tedwards@lawforward.org

4