# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                           **Case No. 25-CR-89**

**HANNAH C. DUGAN**
        **Defendant.**

## ORDER

Defendant Hannah Dugan filed a motion for an order to issue a supplemental jury questionnaire. The government agreed a supplemental questionnaire was appropriate, but the parties disagreed over the contents. I held a hearing to clarify the parties' views and now issue this order granting defendant's motion, in part.

### I.

District courts have wide discretion in the procedures they may use to select juries. See Fed. R. Crim. P. 24; United States v. Graves, 418 F.3d 739, 743 (7th Cir. 2005). This includes the discretion to submit to prospective jurors written questionnaires, which may be particularly helpful in high profile cases or where a large number of prospective jurors must be screened. E.g., United States v. Barnette, 644 F.3d 192, 209 (4th Cir. 2011); United States v. Quinones, 511 F.3d 289, 300 (2d Cir. 2007). Such questionnaires should promote judicial efficiency and facilitate the selection of a fair and impartial jury, without inadvertently inviting prospective jurors to conduct preliminary research on the case or otherwise interjecting extraneous issues carrying a risk of prejudice or speculation about the case. See United States v. Posey, No. 1:20-cr-00094, 2023 U.S. Dist. LEXIS 88735, at *5-6 (S.D. Ind. May 22, 2023).

**II.**

As indicated, the parties agree a questionnaire is warranted. Their disputes center over (A) whether the questionnaire should identify this case, as the government proposes, and (B) whether the questionnaire should solicit information touching on the prospective jurors' political views, as defendant requests.

**A.**

The government's proposed questionnaire identifies this specific case and its participants, and includes questions about the effect of pre-trial publicity. Defendant responds that the government's approach could cause some potential jurors to conduct their own research before the court has had an opportunity to admonish them not to do so. Defendant further notes that, given the time lapse between when the potential jurors fill out the questionnaire and when they come in for voir dire, questions about pretrial publicity would likely need to be re-asked even if previously included in the questionnaire.

While defendant raises valid concerns, identifying the case now will better promote judicial efficiency. As the government noted at the hearing, its proposal will permit identification of those who have already formed an opinion about the case based on pre-trial publicity, allow the court to excuse such persons early, and avoid potentially tainting others on the panel with exposure to such views.[1] Further, the court can, in the questionnaire, instruct prospective jurors not to conduct research. I will accordingly approve a questionnaire identifying this case and including questions #4, 9, and 10 from the government's proposal.

---

[1] The parties agreed the court should hold a hearing after the questionnaires are received to discuss this issue. The parties further agreed the questionnaires should not otherwise be disclosed prior to trial.

2

**B.**

Defendant's proposal includes more wide-ranging questions, touching on hobbies and activities, news sources, and politics. The government responds that such questions have little to do with discerning the effect of pretrial publicity and risk signaling to prospective jurors that the trial will be about issues unrelated to the evidence and law. The government also worries that defendant's questionnaire suggests a juror's qualification depends on his or her political views, which would be improper. At the hearing, the government took particular issue with proposed questions #9 (specifically, its inclusion of "religious organizations"), #12 ("Please list any stickers, placards, signs, patches, symbols, and other messages that you display at home or on an automobile, motorcycle, bicycle, bag, backpack, laptop computer, water bottle, etc."), #13 (asking about media sources), and #16 ("How would you describe your political views?"). (R. 40-1 at 2-3.)

While a prospective juror's political views, activities, or associations will usually be irrelevant, under the circumstances here it is appropriate to ask some questions about these issues to ensure a fair and impartial jury. See United States v. Dellinger, 472 F.2d 340, 368 (7th Cir. 1972) ("Some questions may appear tangential to the trial but are actually so integral to the citizen juror's view of the case, especially one with publicly controversial issues, that they must be explored.");[2] see also Gomez v. United States, 490 U.S. 858, 870 (1989) ("Jury selection is the primary means by which a court may enforce a defendant's right to be tried by a jury free from ethnic, racial, or political prejudice[.]"). Indeed, the government agrees prospective jurors

---

[2]In Dellinger, a case involving protests during the 1968 Democratic national convention, the court held that the trial judge should have asked questions about prospective jurors' views on the Vietnam War and so-called "youth culture." Id. at 368-69.

3

should be asked: "Have you participated in any protests, demonstrations, or marches for or against federal immigration enforcement efforts?" (R. 30-1 at 3.)

I will excise from question #9 the reference to "religious organizations."[3] I will also excise question #12, which is overbroad and likely to elicit responses unrelated to a prospective juror's ability to be fair and impartial in this case, e.g., favored sports teams. Finally, I will excise question #16 as vague and insufficiently tailored to this case.

I decline to excise #13. It is common for courts to ask prospective jurors about news sources in higher profile cases. See, e.g., Skilling v. United States, 561 U.S. 358, 371, 388 (2010); United States v. Walker, 490 F.3d 1282, 1289 (11th Cir. 2007); see also Palin v. N.Y. Times Co., 113 F.4th 245, 269-70 (2d Cir. 2024) (suggesting that the court should have asked proposed questions about the news sources to which the potential jurors subscribed, but declining to find reversible error).

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion for a supplemental jury questionnaire (R. 24) is granted, in part, as stated herein. Nothing in this order should be construed to limit the questions the parties may request the court ask during voir dire.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[3]At the hearing, defendant seemed amenable to removing this part of the question.