UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No.  Case No. 2:25-Cr-89 LA

HANNAH C. DUGAN,

    Defendant.

## DEFENSE RESPONSE TO MOTION
## TO PROHIBIT EXPERT TESTIMONY (R:69)

ICE officials issued two warrants for the arrest of Edward Florez Ruiz, one the day before his arrest near the Milwaukee County Courthouse on April 18, 2025, and one *afterwards*. Both came 12 years after the administrative removal proceedings were closed. The government apparently contends that the warrant(s) alone satisfy the statutory requirement that at the time Defendant Dugan acted, a proceeding was "presently," "pending," "before" an administrative agency – all three being required to establish guilt. The Defense disputes, both factually and legally, whether the warrants satisfy these statutory requirements. The Defense relies upon the proffered expert testimony, in conjunction with the analysis of *United States v. McHugh*, 583 F.Supp.3d, 1, 13 (D.D.C. 2022), which held: "Fifty-three sections of the U.S. Code use the phrase 'a proceeding before,' and in every one the phrase describes a proceeding involving more than one entity, usually in a court-like setting where one entity 'appears before' another."

1

Yet, in its motion to prohibit expert testimony, the government studiously avoids any emphasis on these requirements, particularly the word "before." In fact, in setting forth the elements of the offense for the jury instructions, the government leaves out the "before" requirement entirely as a necessary element of the offense and, instead, places it in a definition of agency as simply an optional requirement to find guilt. (*See* Motion to Prohibit, R:69, at 3: referring to proposed jury instruction language that proceeding may be "by or before" an agency.)

The government misconstrues the statutory requirements. As a result, the present motion should be denied.

## A. Administrative Warrant(s) At Issue

In Count Two, the government charged that the Defendant obstructed a "pending proceeding [which] was being held before a department or agency of the United States, namely the administrative arrest of E.F.R. for the purpose of removal proceedings conducted by the United States Department of Homeland Security." (R: 6, p. 2).

On January 15, 2013, E.F.R. (Eduardo Flores-Ruiz) was subjected to expedited removal proceedings. (Ruiz Plea Agreement, 25-Cr-89, R:13, p. 2). An order of removal was entered and Ruiz was removed from the United States the next day. Id. For purposes of the 2013 proceedings, the actual removal from the United States "completed" the administrative proceedings. *See United States v. Garcia-Villa*, No. 14CR1481WQH, 2014 WL 4955703, at *5 (S.D. Cal. Sept. 30, 2014); and *United States v. Mendoza-Alvarez*, No. 13CR1653 WQH, 2013 WL

2

5741577, at *4 (S.D. Cal. Oct. 23, 2013) (reviewing expedited removal proceedings under due process analysis).

In 2025, ICE determined that Ruiz was back in the United States illegally. An "I-200 warrant" for his arrest was issued and executed at the Milwaukee County Courthouse on April 18, 2025. Importantly, the I-200 warrant did not contend that there were pending removal proceedings at the time the warrant was issued (one of the options on the form for the issuance of the warrant). Instead, as set forth below, the warrant asserted that information established that Ruiz "lacked immigration status or notwithstanding such status is removable under U.S. immigration law."

Date: _____

To: **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that ____FLORES-RUIZ, EDUARDO____ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☑ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

ANTHONY M NIMTZ  Digitally signed by ANTHONY M NIMTZ
Date: 2025.04.17 15:04:46 -05'00'

Significantly, *after the arrest*, a second warrant was issued (this time using form I-205). This warrant stated the following:

```
                                                    Date: April 18, 2025

To any immigration officer of the United States Department of Homeland Security:
EDUARDO FLORES-RUIZ
_____
                        (Full name of alien)

who entered the United States at  Nogales, Arizona      on  January 16, 2013
                                  (Place of entry)          (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

    [ ] an immigration judge in exclusion, deportation, or removal proceedings
    [X] a designated official
    [ ] the Board of Immigration Appeals
    [ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
 212a6Ai;
```

The difference in the two warrants is important, because the authority for the issuance of an I-205 warrant is "based on the final administrative removal order," 8 C.F.R. 241.2, *United States v. Lopez,* 762 F.3d 852, 860 (9th Cir. 2014); whereas an I-200 warrant may only be issued "up to the time removal proceedings are completed." 8 C.F.R. §§ 236.1(b) and 1236.1(b), *Castanon Nava v. Dep't of Homeland Sec.,* No. 18-CV-3757, 2025 WL 2842146, at *13 (N.D. Ill. Oct. 7, 2025).

In Count Two of the Indictment, the I-200 form was the administrative arrest warrant in effect at the time of the conduct charged even though the I-200 warrant did not indicate that there were pending proceedings, nor could it have properly done so since the administrative proceedings had been completed in 2013.

The Defense contends that the I-200 warrant does not satisfy the statutory requirements of the offense charged in Count Two. There was no pending proceeding at the time it was issued and there certainly was no formal, second party involvement satisfying the "before" requirement.[1]

## B. U.S. v. McHugh and the "Pending" "Before" Statutory Requirement

In *United States v. McHugh*, 583 F.Supp.3d, 1, 12-15 (D.D.C. 2022), the court conducted an in-depth review of the significance of the words "pending," "proceeding," and "before" in the context of administrative proceedings under 18 U.S.C. § 1515. Because of the importance of that analysis (18 U.S.C. § 1505 uses identical terms), the Defense liberally excerpts from the decision.

> "Proceeding" is properly understood in its legal sense, and courts should give effect to the words Congress used by refraining from reading § 1515(a)(1)(B) to mean, in effect, "a proceeding <u>of</u> the Congress" or "a proceeding <u>by</u> the Congress." And the Court adopts Judge Moss's conclusion that a "proceeding before the Congress" must "involve a formal assembly or meeting of Congress for the purpose of conducting official business." <u>Montgomery</u>, 2021 WL 6134591, at *5. However, formality alone does not make a congressional activity a "proceeding before the Congress." In addition, a second party must be integrally involved in the "proceeding" in order for it to be "before" the Congress. As explained below, this interpretation is consistent with the meaning of the word "before," the ordinary usage of the phrase "proceeding before," and with common interpretations of § 1515(a)(1)(C)'s parallel phrase "proceeding before a Federal Government agency." Courts must give effect to Congress's apparently deliberate choice to use the phrase "proceeding before" rather than "proceeding of," and this Court concludes that formal but wholly internal proceedings do not fall within § 1515(a)(1)(B)'s definition.
>
> First, "proceeding before" is a spatial metaphor—an apt synonym would be "a proceeding in front of." <u>See, e.g.</u>, <u>Before</u>, Oxford English Dictionary (3d ed. 2013) ("In front, in or on the anterior side; in a forward

---

[1] Whether the I-205 warrant would suffice is irrelevant because it was issued after the conduct at issue.

direction."). And prepositions like "before" and "in front of" require two referents: X, from whose perspective we measure, and Y, whatever X is "in front of." Even when "before" is combined with a verb, a second referent is still required—thus, a person cannot walk "before" himself, nor can a court "proceed[ ] before" itself. For instance, the judges of this Court from time to time convene in an "Executive Session" in order to make certain decisions regarding the administration of the Court. Although conducted without robes or a gavel, this Executive Session may fairly be described as a "formal assembly of [the Court] for the purpose of conducting official business." Yet it would be inaccurate to call the Court's Executive Session "a proceeding before the District Court" as opposed to a proceeding "of the Court," since it is a wholly internal proceeding with only one relevant party. This suggests that formality is not the only relevant characteristic of a "proceeding before the Congress."

Congress's use of the phrase "proceeding before" in other legislation supports the need for a second entity's involvement. Fifty-three sections of the U.S. Code use the phrase "a proceeding before," and in every one the phrase describes a proceeding involving more than one entity, usually in a court-like setting where one entity "appears before" another. See, e.g., 17 U.S.C. §§ 1501–09 (establishing procedures for an adversarial "proceeding before the Copyright Claims Board"); 18 U.S.C. §§ 6002–05 (establishing procedures governing the exercise of privilege by a witness called "to testify or provide other information in a proceeding before or ancillary to ... either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House"); 49 U.S.C. §§ 1321–23 (creating procedures for "a proceeding before" the Surface Transportation Board). And although this does not mean that a "proceeding before" a body must be "court-like" or involve witnesses, as discussed in greater depth below, it does suggest that, in ordinary usage, a "proceeding before" refers to a proceeding that is both formally convened and involves multiple entities.

Finally, it is important to interpret "a proceeding before" consistently between the four sub-paragraphs of § 1515(a)(1). The parallelism of those four provisions suggests not only that "proceeding before" was a deliberate drafting choice but also that the phrase describes the same general type of "proceeding," just occurring "before" four different types of bodies. And a growing consensus of courts of appeals have interpreted § 1515(a)(1)(C)'s "proceeding before a Federal Government agency" to require the involvement of multiple entities in addition to formality. In United States v. Ramos, 537 F.3d 439 (5th Cir. 2008), the Fifth Circuit held that an internal agency investigation into

6

employee misconduct was not an "official proceeding," and it commented that Congress's use of "before" "implies that an 'official proceeding' involves some formal convocation of the agency <u>in which parties are directed to appear</u>." 537 F.3d at 462–463. And in <u>United States v. Ermoian</u>, 752 F.3d 1165 (9th Cir. 2013), the Ninth Circuit held that an FBI investigation was not an "official proceeding" and specifically distinguished between proceedings "before" and proceedings "by" a body: "The use of the preposition 'before' suggests an appearance in front of the agency sitting as a tribunal.... [A] criminal investigation does not occur 'before a Federal Government agency' like a hearing or trial might; it is conducted 'by' the agency in the field." 752 F.3d at 1171.

Id.

This analysis establishes that a warrant alone does not and cannot satisfy the requirements of "pending" "proceeding" "before" and administrative agency as set forth in 18 U.S.C. § 1505.

**C. An Arrest Warrant Is Not By Itself a "Pending Proceeding" Much Less a "Proceeding Before" An Administrative Agency**

The government's factual proffer in its recent motion in limine set forth the following: "On April 17, 2025, an immigration official found probable cause to believe E.F.R. was removable and issued a warrant for his arrest." R: 56 at 4.

The warrant at issue was an I-200 and by law could not have been tied to the 2013 closed proceedings. Apparently recognizing this potential flaw (why issue a second warrant after the arrest?) ICE issued an I-205 warrant after the arrest attempting to tie the custody to the prior, "final" 2013 order. As a result, the government now appears to contend (if the factual proffer is to be followed) that the proceeding pending at the time of the arrest was a new administrative proceeding, begun April 17 and pending the next day during the execution of the warrant.

The issuance of an immigration arrest warrant, however, is not the equivalent of the initiation of formal administrative proceedings. That is accomplished through a "Notice to Appear." *See* 8 U.S.C. § 1229; 8 C.F.R. § 239, *Mejia v. Bondi*, 144 F.4th 965, 970 (7th Cir. 2025) (Notice to Appear must include e "[t]he time and place at which the proceedings will be held.") A Notice-to-Appear hearing, however, is not required in all instances, *Gomez-Chavez v. Perryman*, 308 F.3d 796, 798 (7th Cir. 2002) (8 U.S.C. § 1225(b)(1) "permits immigration officers to order aliens removed without further hearings or review"), including where the government has asserted and conducted expedited removal proceedings under a Form I-860, *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1081 (9th Cir. 2011). In such instances, an alien "shall" be removed "without further hearings or review." *Id.;* § 1225(b)(1)(A)(i). That is what was done with Mr. Ruiz – he was removed from the United States without further hearing or review. There was simply nothing "presently," "pending," "before" an administrative agency on the morning of April 18, 2025, other than a new investigation into Ruiz' current illegal status and location.[2]

Critical factual questions for trial, therefore, are any facts going to what "proceeding" was "pending" on April 18, 2025, and do those facts show that proceeding involve a formal assembly where a second party was integrally involved? As noted above in *McHugh*, "Fifty-three sections of the U.S. Code use the phrase 'a proceeding before,' and in every one the phrase describes a proceeding involving

---

[2] An agency investigation is not a "proceeding" under the statutes. *See United States v. Ermoian,* 752 F.3d 1165, 1172 (9th Cir. 2013).

8

more than one entity, usually in a court-like setting where one entity 'appears before' another."

The Defense does not believe that the government can factually satisfy that requirement. The proffered expert testimony seeks to assert the underlying facts relevant to that inquiry. Those facts include the nature and extent of second-party involvement when an expedited removal proceeding has been completed 12 years earlier, as well as the lack of second-party involvement in the issuance of the warrant.

## D. At a Minimum, The Defense is Entitled to Develop the Factual Record as to What Pending Administrative Proceedings Would Entail

The government frames its motion as the Defense seeking to introduce expert testimony as to what the immigration statutes and regulations mean. That is not the case.[3] The Defense agrees that the Court will define the law for the jury. But the government still has the burden of proving *facts* supporting guilt under the definitions given by the Court. *United States v. Edwards*, 869 F.3d 490, 499–500 (7th Cir. 2017).

Just as the government no doubt will seek to introduce the I-200 warrant, the Defense seeks to introduce evidence as to the *facts* surrounding any second-party involvement in the issuance of that warrant and the subsequent removal of an individual after an expedited removal order was entered 12 years earlier.

---

[3] *United States v. Bloom*, 846 F.3d 243, 255 (7th Cir. 2017), cited by the government, did not allow the defense expert to opine about the meaning of legal phrases, but did not exclude other aspects of the expert's testimony, as the government seeks here.

9

To assist the Court, the Rule 16 expert report disclosed to the government is attached to this filing.

Accordingly, the government's motion should be denied.

Respectfully submitted, this 21st day of November, 2025.

By: /s/ Steven M. Biskupic
Steven M. Biskupic
SBN 1018217
Steven Biskupic Law Office LLC
P.O. Box 456
Thiensville, WI 53092
bisklaw@outlook.com
414-828-7233

John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
Dean A. Strang
Wisconsin Bar No. 1009868

STRANG BRADLEY, LLC
613 Williamson Street., Suite 204
Madison, Wisconsin  53703
(608) 535-1550
john@strangbradley.com
rick@strangbradley.com
william@strangbradley.com
dean@strangbradley.com

                                                       Jason D. Luczak
                                                       Wisconsin Bar No. 1070883
                                                       Nicole M. Masnica
                                                       Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
(414) 271-1440
jluczak@grgblaw.com
nmasnica@grgblaw.com

                                                       *Counsel for Hannah Dugan*