

U.S. Department of Justice

*United States Attorney*
*Eastern District of Wisconsin*

*Federal Courthouse*     *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*     *Fax (414) 297-1738*
*Milwaukee WI 53202*     *www.justice.gov/usao/wie*

November 28, 2025

Judge Lynn Adelman
United States Courthouse Room 253
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:    *United States v. Hannah Dugan*
                Case No. 25-CR-89

Dear Judge Adelman:

      At the final pretrial conference on November 26, 2025, the Court asked the parties to address the government's motion to exclude testimony from the defendant's proposed expert witness. That issue is related to the question still pending before the Court about how to define "proceeding" in the jury instructions. The attached supplemental authority may aid the Court's consideration of both issues. *See United States v. Hernandez*, 2024 WL 23147 (E.D. Va. Jan. 2, 2024).

      In *Hernandez*, the defendant was ordered removed pursuant to a final order of removal in December 2019. In May 2023, he was taken into the custody of Immigration Customs and Enforcement ("ICE") awaiting his deportation. *Id.* at *1. The defendant escaped from ICE custody, and after he was re-apprehended, the grand jury returned an indictment charging him with obstructing a proceeding in violation of 18 U.S.C. § 1505. *Id.* The defendant moved to dismiss the indictment arguing that the 2023 execution of the removal order was not part of the proceeding; he argued that the proceeding ended upon the issuance of his final order of removal in 2019. *Id.* at *4. In support of his argument, the defendant relied upon cases interpreting "official proceeding" as used in 18 U.S.C. § 1512. *Id.* at *5.

      The court rejected the defendant's argument. *Id.* at *5-7. The court reasoned that "cases interpreting § 1512 are no help here because 18 U.S.C. § 1512 covers only obstruction of '*official* proceedings,' whereas 18 U.S.C. § 1505 covers '*any* pending proceeding.'" *Id.* at *5 (emphasis in original). It found that "Congress intended for § 1512 to require a certain formality that § 1505 does not." *Id.* (citing *United States v. Ermoian*, 752 F.3d 1165, 1170 (9th Cir. 2013) ("[T]he descriptor 'official' indicates a sense of formality . . .")). Cases interpreting § 1512 are thus "inapposite because none purport to define the operative, standalone term 'proceeding' as found in § 1505." *Hernandez*, 2024 WL 23147, at *5.

The court instead relied upon the model definition of "proceeding" in § 1505 from the Eighth Circuit's decision in *Rice v. United States,* 356 F.2d 709 (8th Cir. 1966), which the United States also relied upon in support of its proposed jury instruction. (Dkt. 55, at 26.) The court explained that "'[p]roceeding' is a comprehensive term meaning the action of proceeding – a particular step or series of steps, adopted for accomplishing something . . . ." *Hernandez*, 2024 WL 23147, at *3 (quoting *Rice*, 356 F.2d at 712). The court thus held that the term "proceeding" in § 1505 includes the step of executing a final order, including ICE's execution of the final removal order of the defendant. *Hernandez*, 2024 WL 23147, at *4. (citing, *Proceeding,* BLACK'S LAW DICTIONARY (11th ed. 2019)).

The defense contends that her proffered expert will testify about "facts," but he was not personally involved in the execution of E.F.R.'s removal order. He would rather testify as an attorney about questions of law that are for the court to decide. *See, e.g., Hernandez*, 2024 WL 23147, at *3, n. 3. The defense seems to concede that this is a question for the court by proposing an instruction in which the court would decide, as a matter of law, that executing a federal agency's arrest warrant is not a proceeding. (Dkt. 57, at 14.) Case law interpreting § 1505 supports the opposite conclusion, which is why the United States has requested that the Court instruct the jury consistent with that case law. (Dkt. 55, at 25-26.)

The United States is prepared to present testimony from ICE personnel who will describe the series of steps with which they were personally involved in the reinstatement and execution of E.F.R.'s final order of removal. Testimony from an attorney who was not personally involved with the execution of those steps will do nothing more than testify about the law, which is the province of the Court.

                         Very truly yours,

                         BRAD D. SCHIMEL
                         United States Attorney

By:    /s/ Richard G. Frohling
        First Assistant United States Attorney
        State Bar No.: 1021952
        Email: richard.frohling@usdoj.gov

        /s/ Keith S. Alexander
        Criminal Division Chief
        State Bar No.: 1053000
        Email: keith.alexander@usdoj.gov

        /s/ Kelly B. Watzka
        Deputy Criminal Division Chief
        State Bar No.: 1023186
        Email: kelly.watzka@usdoj.gov