UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 2:25-Cr-89 LA

HANNAH C. DUGAN,

    Defendant.

**DEFENSE MOTION IN LIMINE TO EXCLUDE
PORTIONS OF COURTROOM AUDIO RECORDINGS
PURSUANT TO FEDERAL RULES OF EVIDENCE 402 & 403**

Defendant Hannah Dugan, by undersigned counsel, hereby moves pursuant to Federal Rules of Evidence 402 and 403 to exclude portions of the courtroom audio recording evidence when Defendant Hannah Dugan is not present.

**Background**

The government has produced to the defense courtroom audio recordings that cover approximately 33 minutes of activity within Judge Dugan's courtroom.[1] The first segment, approximately 17 minutes in length, consists entirely of conversations of between court staff, attorneys and parties all prior to Judge Dugan taking the bench and without her in the courtroom. They include statements and discussion about the ICE agents in the hallway; specific pending case discussions,

---

[1] The government's proffered transcript of the recording is separately submitted under seal, as ordered by the Court at the hearing on November 26, 2025.

1

including plea negotiations; and casual conversation. The speakers use profanity and include salacious comments about ICE.

In the second segment, approximately 7 and a half minutes long, Judge Dugan is out of the courtroom for approximately 2 minutes and 45 seconds, during which she is involved in the encounter with the ICE agents in the hallway. While she is gone, similar conversations as in the first segment take place, including an attorney and his client discussing specific case strategy. The attorney cautions the client to be quiet because of a concern that their conversation may be picked up on the microphone and be recorded. At a later point, Judge Dugan is outside the courtroom for approximately 30 seconds, during which court staff and others discuss ICE arrests and an attorney separately talks about discovery and a plea deal using profanity.

The third segment, approximately 9 and a half minutes, overlaps slightly with the second segment. Judge Dugan is in the courtroom the entire time, so no objection is made on that basis.

## **Legal Standard**

Federal Rule of Evidence 402 excludes irrelevant evidence. Evidence is irrelevant if it is "wholly unrelated to the defendants' guilt or innocence" and is not necessary to prove guilt. *United States v. Hidalgo-Sanchez*, 29 F.4th 915, 932 (7th Cir. 2022). Evidence that meets the low threshold of relevance may still be excluded "if the probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403. To determine whether evidence is unfairly prejudicial, the court is to apply a "sliding scale approach: as the probative value increases, so does [the court's] tolerance of the risk of prejudice." *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012); see also *United States v. West*, 53 F.4th 1104, 1108 (7th Cir. 2022). The trial court's determination on admissibility of evidence rests within its sound discretion under the facts and circumstances of a particular case. *United States v. Dukes*, 147 F.4th 711, 716 (7th Cir. 2025).

## Analysis

The audio recording of courtroom conversations and actions during which Judge Dugan was absent should be excluded under Rules 402 and 403. There is nothing probative of her guilt in such statements and, if there were, such minimal probative value would be substantially outweighed by the Rule 403 factors of unfair prejudice, confusing the issues, and misleading the jury. In short, such evidence would seek to convict Judge Dugan based in part on third-party conversations to which she was not a party, never heard, or even responded.[2]

As outlined above and set forth in full in the under-seal transcript, the first segment consists of approximately 17 minutes of third-party conversations entirely outside the presence of Judge Dugan. The speakers use profanity and include salacious comments about ICE. The second segment includes similar banter, albeit

---

[2] While the government likely will call some of the third-party speakers as witnesses at trial, unless all such speakers are called, Confrontation Clause issues may arise. See *Crawford v. Washington,* 541 U.S. 36 (2004).

3

on a shorter duration since Judge Dugan is out of the courtroom for approximately 2 minutes 45 seconds, during which she is involved in the encounter with the ICE agents in the hallway, and then for approximately 30 seconds. Still, the conversations in her absence include court staff and others discussing ICE arrests and an attorney separately talking with his client about discovery and a plea deal.

Accordingly, the referenced evidence should be excluded.

Respectfully submitted, this 2d day of December, 2025.

By: /s/ Steven M. Biskupic
Steven M. Biskupic
SBN 1018217
Steven Biskupic Law Office LLC
P.O. Box 456
Thiensville, WI 53092
bisklaw@outlook.com
414-828-7233

John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
Dean A. Strang
Wisconsin Bar No. 1009868

STRANG BRADLEY, LLC
613 Williamson Street., Suite 204
Madison, Wisconsin 53703
(608) 535-1550
john@strangbradley.com
rick@strangbradley.com
william@strangbradley.com
dean@strangbradley.com

                        Jason D. Luczak
Wisconsin Bar No. 1070883
Nicole M. Masnica
Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
(414) 271-1440
jluczak@grgblaw.com
nmasnica@grgblaw.com

*Counsel for Hannah Dugan*