UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

        Defendant.

**RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* TO EXCLUDE PORTIONS OF COURTROOM AUDIO RECORDINGS**

The United States of America, by its counsel, hereby responds to the defendant's motion *in limine* to exclude portions of courtroom audio when the defendant was not present in the courtroom. (Dkt. 77.) The United States does not oppose most of the defendant's request; however, the United States requests that the Court allow the admission of the slightly more than 3 minutes of audio that captures activity after court was called into session on the morning of April 18, 2025, but when the defendant had stepped out of the courtroom.

The United States agrees with the defendant as to nearly 30 minutes of the approximate 33-minute audio recording. It does not oppose the defendant's request to exclude the 17 minutes that occurred prior to when court was called into session. The United States also agrees that all the audio when the defendant is in the courtroom after court is called into session is admissible. The only points of disagreement relate to: (1)

the approximately 2 minutes and 45 seconds of audio that captured activity after the defendant left the courtroom following court being called into session that morning; and (2) the approximate 30 seconds of audio that captured discussions that occurred when the defendant was near and exited briefly through a jury door with EFR and his attorney.

Evidence is relevant if it has "any tendency" to make a fact of consequence more or less probable than without the evidence. FED. R. EVID. 401. A fact of consequence is not limited to the ultimate issue or elements in a case. Rather, a fact of consequence can be any step along a path of inference that leads to an "ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 179 (1997). It does not matter, under Rule 401, that there are multiple "evidentiary route[s]" to the ultimate fact other than the one relied upon by the proponent of the evidence. *Id.* "To be relevant, evidence need not conclusively decide the ultimate issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014), quoting *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006).

Of course, relevant evidence may be excluded under Rule 403. *See, e.g., Marcus & Millichap Inv. Services of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 307 (7th Cir. 2011). Relevant evidence may be excluded only if its probative value is *substantially* outweighed by (1) unfair prejudice; (2) misleading the jury or confusing the issues; (3) undue delay or waste of time; or (4) needlessly presenting cumulative evidence. FED. R. EVID. 403.

The approximately 2 minutes and 45 seconds of audio that captured events in the courtroom after the defendant left shortly following court being called into session is relevant in at least a few respects. For instance, it will demonstrate that EFR and his

2

attorney were not at counsel table during that time. Another criminal defense attorney (W.P.) and his client were instead at counsel table. Based on their conversation with the defendant after she had taken the bench, this defense attorney clearly expected his client's case to be called first. The microphone at counsel table largely captures W.P.'s conversation, not EFR's conversation or that of his attorney. Both W.P. and EFR's criminal defense attorney are expected to testify at trial, and the audio will corroborate both of their recollections and expectations at that time. *See, e.g., United States v. Hans*, 738 F.2d 88, 91 (3rd Cir. 1984) (evidence corroborating a witness's testimony is relevant under Rule 401, even though it has nothing to do with a defendant). In addition, W.P. was aware that his conversation was being recorded and advised his client not to speak about his case.

Relatedly, that portion of the audio provides helpful context for what immediately precedes the highly relevant audio of what the defendant did when she returned to the courtroom. Listening to the entirety of the audio captures the sudden, unexpected change that occurs when the defendant reentered and directed W.P. to step aside from counsel table without explanation. It is clear by listening to the audio immediately preceding her return to the courtroom that her directive was an unexpected change.[1]

It also captures other relevant evidence, such as one witness's immediate impression of what the defendant was doing in the public hallway, and why the

---

[1] The defendant has filed the transcript under seal, but the actual audio (which captures tone of voice) makes the surprise even more clear. As such, the United States can provide a copy to the Court for in camera review upon request.

3

defendant's clerk took certain actions before the defendant's return. The audio will play a conversation in which the defendant's clerk told a state public defender that the defendant was "calling the Chief Judge." The state public defender, who was just in the public hallway, corrected him by sharing his impression of what he just observed: "Well, she's out there confronting them." The clerk eventually responds "good," which explains why the clerk went into the public hallway to observe for himself, and then ultimately why the defendant needed to wave for the clerk to accompany her back into the courtroom through the entrance from the public hallway after she had confronted members of the arrest team.

The defendant does not explain how any of that evidence is unfairly prejudicial, would confuse any issues, would be a waste of time, or would be needlessly cumulative. Less than 3 minutes of audio is not a significant amount of time, nothing critical is said about the defendant, and rather than confuse any issues, it provides helpful context for the extremely relevant activity that follows it. And while there will be some testimony about what occurs during those less than 3 minutes in the courtroom, playing the audio is not "needlessly" cumulative. The United States, because of its heavy burden, is entitled to cumulative evidence. *See, e.g., United States v. Gallo*, 543 F.2d 361, 365 (D.C. Cir. 1976).

Similarly, the additional 30 seconds of audio that captures activity in the courtroom immediately after scheduling EFR's matter off the record is also relevant. For instance, it captures the state prosecutor talking with another defense attorney, which demonstrates a relevant point. It demonstrates that the defendant did nothing to ensure that the prosecutor was notified or even made aware of what happened in EFR's matter.

4

That fact, moreover, will provide a relevant contrast for the jury when they hear the remaining portion of the audio that captures how the defendant addressed other cases in her courtroom that morning. For instance, the audio will demonstrate that the defendant, less than 10 minutes later, told a defense attorney to make sure the prosecutor (who was not participating in the discussion) was aware of dates scheduled off the record so she could make any necessary notifications to any alleged victims. The defendant did not do that when EFR's matter was being scheduled off the record. The contrast will be relevant. It will tend to show that the way the defendant handled EFR's matter was hardly routine – an issue which the Court already has ruled is relevant and may be explored at trial. *See* Dkt. 72 at 15 (ruling that the government may "introduce evidence regarding whether defendant handled E.F.R.'s case in a customary fashion"); *id.* at 18 (explaining that the Court will give the government "some leeway" at trial "to demonstrate that the proceedings in E.F.R.'s case were handled in an unusual fashion").

This 30-second portion also captures the conversation between the defendant's clerk and court reporter. They are both talking about Immigration Customs and Enforcement (ICE), and the clerk shared with the court reporter the derogatory term he claimed to have said to one of the federal agents in the public hallway. Their conversation about ICE tends to show that they, at least, had the immediate impression that the defendant's unusual way of handling EFR's matter was related to ICE's presence in the hallway that morning.

5

None of the concerns listed in Rule 403 outweigh this portion of the audio's probative value, let alone substantially so. During this 30 second portion, nothing is said critical of the defendant, there is nothing cumulative about it, and it confuses no issue.

The United States agrees with the defendant that the court should exclude the 17 minutes preceding the defendant's initial entrance into the courtroom. Everything the audio captured after court was called into session, though, is relevant, and none of its probative value – even when the defendant was briefly away – is substantially outweighed by unfair prejudice, waste of time, any confusion of the issues, or a needless accumulation of evidence. The United States, therefore, requests that the Court grant in part, and deny in part, the defendant's motion *in limine.*

Dated at Milwaukee, Wisconsin, this 4th day of December, 2025.

> Respectfully submitted,
>
> BRAD D. SCHIMEL
> United States Attorney
>
> By: /s/ Richard G. Frohling
> First Assistant United States Attorney
> State Bar No.: 1021952
> Email: richard.frohling@usdoj.gov
>
> /s/ Keith Alexander
> Criminal Division Chief
> State Bar No.: 1053000
> Email: keith.alexander@usdoj.gov
>
> /s/ Kelly B. Watzka
> Deputy Criminal Division Chief
> State Bar No.: 1023186
> Email: kelly.watzka@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney
517 East Wisconsin Avenue, Rm. 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738