UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

UNITED STATES OF AMERICA,                )
                                         )
                    Plaintiff,           )    Case No. 25-CR-89
                                         )
        v.                               )    Milwaukee, WI
                                         )
HANNAH C. DUGAN,                         )    December 11, 2025
                                         )    9:18 a.m.
                    Defendant.           )
_____

TRANSCRIPT OF JURY SELECTION
EXCERPT OF INSTRUCTIONS AND JUROR ROLL
BEFORE THE HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff
UNITED STATES OF AMERICA:        United States Dept. of Justice
                                 (ED-WI)
                                 By:  MR. RICHARD G. FROHLING
                                      MS. KELLY BROWN WATZKA
                                      MR. KEITH S. ALEXANDER
                                 Office of the US Attorney
                                 517 E. Wisconsin Ave., Rm. 530
                                 Milwaukee, WI  53202
                                 Ph:  414-297-1775
                                 richard.frohling@usdoj.gov
                                 kelly.watzka@usdoj.gov
                                 keith.alexander@usdoj.gov

For the Defendant                Steven Biskupic Law Office, LLC
HANNAH C. DUGAN:                 By:  MR. STEVEN M. BISKUPIC
(Present)                        PO Box 456
                                 Thiensville, WI  53092
                                 Ph:  414-828-7233
                                 bisklaw@outlook.com

                                 Gimbel, Reilly, Guerin & Brown
                                 By:  MR. JASON D. LUCZAK
                                      MS. NICOLE M. MASNICA
                                 330 E. Kilbourn Ave., Ste. 1170
                                 Milwaukee, WI  53202
                                 Ph:  414-224-1440
                                 jluczak@grgblaw.com
                                 nmasnica@grgblaw.com

1

U.S. Official Court Reporter:  JENNIFER L. STAKE, RDR, CRR
Proceedings recorded by computerized stenography, transcript
produced by computer-aided transcription.

TRANSCRIPT OF PROCEEDINGS

THE COURT: Okay. This is 25-CR-89, US versus Dugan. And I think we're ready to bring the jurors in. Oh, we should take appearances, sorry. Sorry.

MR. FROHLING: United States -- sorry, go ahead.

THE COURT: Go ahead.

MR. FROHLING: The United States appears by Assistant United States Attorneys Rick Frohling, Kelly Watzka, and Keith Alexander. Also at counsel table is the Government's case agent, FBI Special Agent Erin Lucker. Good morning.

MR. BISKUPIC: Good morning, your Honor. For the defense, defendant's here in person by -- and by her attorneys Steve Biskupic, Nicole Masnica, and Jason Luczak. And also at our table is Richard Gabriel.

THE COURT: So are we ready to bring the prospective jurors in?

MR. BISKUPIC: Sure, your Honor.

MR. FROHLING: Yeah.

THE COURT: Okay.

COURT SECURITY OFFICER: It will be a few minutes.

THE COURT: Okay.

* * * * *

COURT SECURITY OFFICER: All rise for the jury.

(The venire entered the courtroom.)

THE COURT: We all set? I'm sorry.

COURT SECURITY OFFICER: That would be everyone, your Honor.

THE COURT: Okay. Good. This is 25-CR-89, United States of America versus Hannah Dugan, and the first item on the agenda here is to swear an oath, so you can all get ready for that.

THE CLERK: Please raise your right hand.

(The venire is sworn.)

JURORS: I do.

* * * * *

COURT SECURITY OFFICER: All rise.

THE COURT: Please be seated.

Okay. Sorry, again, we were a little longer than I said, but we are making good progress. And right now what's going to happen is the lawyers have a little bit of paperwork to do. And while they do that, I want you all to assume that you're going to be on the jury. Now, you might not be, you might be, I don't know. But I want you to assume that you're going to be on the jury, and I'm going to read you some preliminary instructions as to what -- what you should do as jurors. And then after that, I'll think I'll be able to read off people who are on the jury, and then we'll finish for the day. So that's the agenda.

And the -- the instructions, I want to begin with some of my duties. One of my duties is to decide all questions of law

and procedure. And I'm going to give you these instructions, and then there will be more instructions later at the end of the case about the rules that you have to follow in deciding the case. And what I say at the end will be more detailed than right now, but each of you will get to have a copy of the instructions.

So you have two duties. Your first duty is decide the facts from the evidence that you see and hear in court. The second duty is to take the law that I instruct you on, apply it to the facts, and then decide if the Government has proved the defendant guilty beyond a reasonable doubt. You have to perform these duties fairly and impartially. Don't let sympathy, prejudice, fear, public opinion, outside factors like that influence you. And don't let any person's race, color, religion, ancestry, or gender influence you.

Now, you should also not take anything that I do in the trial as indicating what I think of the evidence or what I think your verdict should be.

The charges against the defendant are in a document called an indictment. And you'll have a copy of that indictment during your deliberations. The indictment in this case charges that the defendant committed the crimes of concealing an individual from arrest and endeavoring to obstruct federal proceedings. The defendant has pleaded not guilty to the charges. The indictment is simply the formal way of telling

the defendant what crimes she is accused of committing.  It's not evidence that the defendant is guilty.  It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every charge.  This presumption continues throughout the case.  It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The Government has the burden of proving the defendant's guilt beyond a reasonable doubt.  This burden stays with the Government throughout the case.  The defendant is never required to prove her innocence.  She is not required to produce any evidence at all.

You may consider only the evidence that you see and hear in court.  You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, internet, or any other source.  The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and any facts to which the parties agree or stipulate.  A stipulation is an agreement that certain facts are true or that a witness would testify in a certain way.  Nothing else is evidence.

Statements and arguments from the lawyers are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts.  The lawyers'

questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection, don't speculate on what the answer to the question might have been. If I strike testimony or an exhibit from the record or tell you to disregard something, please do so.

Pay close attention to the evidence as it is presented. During your deliberations, you will have any exhibits -- you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

You may have heard the terms direct evidence and circumstantial evidence. Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact. For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Indirect evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella. You are to consider both direct and circumstantial evidence.

The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, direct or circumstantial. Give the evidence whatever weight you -- whatever weight you believe it deserves. Use your

common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, as long as they are based on the evidence.

Part of your job as jurors will be to decide how believable each witness was and how much weight to give to each witness' testimony. I'll give you additional instructions about this at the end of the trial. Do not make any decisions by simply counting the number of witnesses who testified about a certain point. What is important is how believable the witnesses are and how much weight you think their testimony deserves.

Before we begin, I want to discuss several rules of conduct. First, keep an open mind throughout the trial, do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Second, your verdict must be based on the law as I give it to you and the evidence presented in court during the trial. For this reason to ensure fairness, you must obey the following rules:

One, you must not discuss the case, the issues in the case, or anyone involved in the case among yourselves until you go to

the jury room to deliberate after the trial is completed; so that is no discussion at any time with anybody until you deliberate.

You must -- two, you must not communicate with anyone else about the case, the issues, or anyone who is involved until after your verdict. So that's No. 2, you don't talk about the case with anybody until after you've decided.

And, three, don't allow anybody to communicate with you or give you any information about the case or the issues. If someone tries to communicate with you or if you learn any information about the case, report it to me. That's what you do.

Four, you can tell your family and your employer that you're on a jury and you have to be in court, but don't communicate with anybody about the nature of the case or about the issues or about anybody who's involved, again, until after your verdict. After your verdict, you want to write a book, fine. But before the verdict, don't talk to anybody except when you're in deliberating.

Let's see. Yeah, everything you need to decide the case is going to be presented here in court. And let me also -- well, the reason for these rules are fairness to the parties. And, you know, if you get outside information, it might be wrong or untrue, misleading, you know. And when I talk about not getting any outside information, I really want to emphasize

that you shouldn't do things like converse with people, don't look things up, don't do any research, don't read or watch, don't go on the internet, don't listen to news media, don't -- don't communicate on electronic devices, whatever they are, phones, Blackberry, any kinds of devices, computers, messaging, chat rooms, blogs. All -- that's all out.

And we've had a lot of trouble with cases with jurors who, you know, they want to do independent research or they want to get -- find out what some obscure blog says. And all that -- all that produces is mistakes and mistrials because, you know, it's not fair if you're getting information and the other side doesn't know about it.

So the way the trial goes is this: The lawyers for the parties first make an opening statement, and that's not evidence. It's sort of a summary of what they think they can show, what they think the evidence will show. And then after the opening statements, then you'll hear evidence. And then after the evidence is all in, then the lawyers make closing arguments. And I'll talk to you about the law that applies to that. And then you go to the jury room and decide what the verdict should be.

And I'm going to run roughly 9:00 to 5:00, roughly. Be on time because we can't start without you. And, you know, I'll usually go till noon, take a -- take a short lunch break, probably take a midmorning or midafternoon bathroom break. If

you have to go to the bathroom and I'm a little slow in taking a break, raise your hand, tell me. I'm pretty informal. I don't need to be -- just let me know if you need something.

And my deputy clerk, Jon, he'll give you the phone number of the chambers here if there's an emergency or something you have to call. And you can give your family the number. My court reporter, Jennifer, she might have -- if you have any -- any issues you have to talk to her about, please do so. Security -- courtroom security officer is Ann, and she'll help you out if you have any problems around the building.

And that's -- those are the instructions. Let me emphasize, saying we're not going to start till Monday, and try to -- I want you to avoid reading media accounts about the trial and don't talk to the case about anybody, because all kinds of people have opinions, you know, and we don't want their opinion. We want your opinions. And we want your opinions based on evidence, not on something from outside -- outside the Court.

If somebody approaches you about the case, tell me about it. And any time you might need to talk to me about anything, just give me a note, the marshal will take the note. And I guess that's about it as far as my preliminary instructions.

And the next thing we're going to do is we're going to tell you who's on the jury. And then once you're -- if your name is on the jury, I guess what you should do is take a seat in the

jury box, and then stay in that seat for whole time, the case -- the trial, so everybody's in the same seat. And -- and then we'll swear you in, and then I think it will be time to go home.

So that wasn't so bad, was it?

(Laughter.)

Okay. So now we're going to read off the jurors.

THE CLERK: Eva Acosta, Jeffrey Kosik, Devin Durkee, Michael Shea, Alan Fritz, Katelin Thuemling, James Petersen, Todd Kotlarek, McKenzie Shaw, Barbara Shaver, Jayne Sadowski, Christopher Johnson, Austin Chick, and Kory Maier. If you're not in the box, please move to the box if I've called your name.

COURT SECURITY OFFICER: So if your number was not called -- or name was not called, just step right back here. Do not leave the courtroom yet. And those numbers that were called that are not up here, come and take these seats. Come right up here.

THE CLERK: All right. Ladies and gentlemen, I'm going to call the roll. After I call your name, please say "here."

Eva Acosta?

JUROR NO. 2: Here.

THE CLERK: Jeffrey Kosik?

JUROR NO. 3: Here.

THE CLERK:  Devin Durkee?

JUROR NO. 4:  Here.

THE CLERK:  Michael Shea?

JUROR NO. 7:  Here.

THE CLERK:  Alan Fritz?

JUROR NO. 8:  Here.

THE CLERK:  Katelin Thuemling?

JUROR NO. 16:  Here.

THE CLERK:  James Petersen?

JUROR NO. 19:  Here.

THE CLERK:  Todd Kotlarek?

JUROR NO. 25:  Here.

THE CLERK:  McKenzie Shaw?

JUROR NO. 29:  Here.

THE CLERK:  Barbara Shaver?

JUROR NO. 30:  Here.

THE CLERK:  Jayne Sadowski?

JUROR NO. 33:  Here.

THE CLERK:  Christopher Johnson?

JUROR NO. 35:  Here.

THE CLERK:  Austin Chick?

JUROR NO. 37:  Here.

THE CLERK:  And Kory Maier?

JUROR NO. 40:  Here.

THE CLERK:  Swear them?

Please raise your right hand.

(The jury is sworn.)

THE JURORS: I do.

THE COURT: Okay. Thank you. 9:00 o'clock Monday, start with the evidence. And, again, my deepest gratitude and appreciation for your participation. And I hope it was sort of interesting and educational, and thanks again.

COURT SECURITY OFFICER: Folks that are dismissed, please first go down to Room 225 where you've been all day and check in with them, and then you can leave. All rise.

(The members of the venire not selected left the
            courtroom.)

COURT SECURITY OFFICER: Do you have further instructions for this jury?

THE COURT: Oh, no, no. I shouldn't have left you all standing there. You're excused. See you on Monday. Thanks.

COURT SECURITY OFFICER: What time Monday morning, your Honor?

THE COURT: We're going to start at 9:00, so a little before there.

(The jury left the courtroom.)

THE COURT: So anything?

MR. BISKUPIC: Judge, can -- I haven't raised this with the prosecution. I assume they're not going to have any objection. But the parties and their agents, direct agents, no

public comment on the case or the evidence while it's pending? I mean, I think we have an agreement about the exhibits, but certainly we don't want anybody Tweeting anything out or things like that.  Okay?

THE COURT:  Yeah.  Please, you know, I'd prefer not to have more lawyers coming in here to make issues.

MR. FROHLING:  We're in agreement with that.

THE COURT:  What?

MR. FROHLING:  We're in agreement.

THE COURT:  Good.  Thank you.

MR. FROHLING:  The only thing we were going raise is just ask if it's a possibility or where -- where the Court's timing might stand on the jury instructions, just if there will be anything on the elements before openings on Monday, which might help at least -- I can't speak for both parties, but generally it would be helpful to have some guidance as to elements before that.  And I know going into the Court's evidentiary rulings, too, it would be helpful to have sort of a framework.

THE COURT:  I can get you something before openings.

MR. FROHLING:  Thank you.

MS. WATZKA:  Thank you.

MR. LUCZAK:  Thank you, Judge.

THE COURT:  And the way -- that thing with the media worked out fine; no?  I mean --

MR. FROHLING:  As far as we know.  We've been in here.

THE COURT:  You don't have to answer, but...  Okay.

MR. FROHLING:  Thank you.

(At 3:24 p.m. the hearing ended.)

C E R T I F I C A T E

I, JENNIFER L. STAKE, RDR, CRR, an Official Court Reporter for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing is a true and correct transcript of the excerpt of proceedings had in the above-titled matter as the same are contained in my original machine shorthand notes on the said trial or proceeding.

Dated this 19th day of December, 2025.
Milwaukee, Wisconsin.

Jennifer L. Stake, RDR, CRR
United States Official Court Reporter
517 East Wisconsin Avenue, Room 324
Milwaukee, WI  53202

Jennifer_Stake@wied.uscourts.gov

ELECTRONICALLY SIGNED BY JENNIFER L. STAKE
Official Court Reporter, RDR, CRR
_____